AF Approval _(signature)_                     Chief Approval _CCF_

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. **8:20-cr-304-T-33 CPT**

CHRISTOPHER JOHN STREETER
    a/k/a "JACK REACHER"
    a/k/a "JOHN CHRIS"

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Maria Chapa Lopez, United States Attorney for the Middle District of Florida, and the defendant, Christopher John Streeter, and the attorney for the defendant, Mark P. Rankin, Esq., mutually agree as follows:

**A.**   **Particularized Terms**

    1.   Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with sex trafficking of children, in violation of 18 U.S.C. §§ 1591(a) and (b)(1) and 2.

    2.   Minimum and Maximum Penalties

Under 18 U.S.C. § 1591(b)(1), Count One carries a mandatory-minimum term of imprisonment of 15 years, a maximum term of imprisonment of life, a fine of not more than $250,000, a term of supervised release of not less than five years up to life, a mandatory special assessment of $100, and an additional

Defendant's Initials _(initials)_

special assessment in the amount of $5000 as set forth in 18 U.S.C. § 3014 (special assessments to be due on the date of sentencing). A violation of the terms and conditions of supervised release carries a maximum sentence of not more than five years of imprisonment as well as the possibility of an additional term of supervised release, or if the violation is a felony offense under Title 18, Chapters 109A, 110, or 117, or a violation of Sections 1201 or 1591, the maximum sentence is not less than five years of imprisonment as well as the possibility of an additional term of supervised release.

The Court shall order the defendant to make restitution to any victim of the offense, as set forth below.

3.    Apprendi v. New Jersey and Alleyne v. United States

Under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a minimum-mandatory term of imprisonment of 15 years and a maximum term of imprisonment of life may be imposed because the following facts have been admitted by the defendant and are established by this plea of guilty: Victim–1, the person recruited, enticed, harbored, transported, provided, obtained, patronized, or solicited, had not attained the age of 14 years at the time of the offense charged in Count One.

4.    Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Counts One are:

Defendant's Initials

2

First:        the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited, by any means, a person, or knowingly aided and abetted another in doing so;

Second:    the defendant knew that the person would be caused to engage in a commercial sex act;

Third:        the defendant did so knowing or in reckless disregard of the fact that the person was under the age of 18;

Fourth:     the defendant's acts were in or affected interstate commerce; and

Fifth:        the person recruited, enticed, harbored, transported, provided, obtained, patronized, or solicited, had not attained the age of 14 years at the time of the offense.

5.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.    Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

7.    Mandatory Restitution to Victims of Offense of Conviction

Pursuant to 18 U.S.C. §§ 1593 and 3663(a)(3), the defendant agrees to make full restitution, if any, to the victim of the offense charged in Count One.



8.     <u>Restitution to Additional Victims</u>

Pursuant to 18 U.S.C. § 3663(a)(1)(A) and (a)(3), the defendant agrees to make full restitution, if any, to additional persons established at sentencing to be victims of the defendant's related conduct, to be calculated as provided for in 18 U.S.C. § 1593.

9.     <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant

Defendant's Initials _____

4

agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

      10.    <u>Guidelines Sentence</u>

      Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

      11.    <u>Cooperation - Substantial Assistance to be Considered</u>

      Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation

Defendant's Initials _____

5

qualifies as "substantial assistance" in accordance with the policy of the United States
Attorney for the Middle District of Florida, warranting the filing of a motion at the
time of sentencing recommending (1) a downward departure from the applicable
guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below
a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the
cooperation is completed subsequent to sentencing, the government agrees to
consider whether such cooperation qualifies as "substantial assistance" in accordance
with the policy of the United States Attorney for the Middle District of Florida,
warranting the filing of a motion for a reduction of sentence within one year of the
imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the
defendant understands that the determination as to whether "substantial assistance"
has been provided or what type of motion related thereto will be filed, if any, rests
solely with the United States Attorney for the Middle District of Florida, and the
defendant agrees that defendant cannot and will not challenge that determination,
whether by appeal, collateral attack, or otherwise.

    12.   <u>Cooperation - Responsibilities of Parties</u>

    a.   The government will make known to the Court and other
relevant authorities the nature and extent of defendant's cooperation and any other
mitigating circumstances indicative of the defendant's rehabilitative intent by
assuming the fundamental civic duty of reporting crime.  However, the defendant
understands that the government can make no representation that the Court will

Defendant's Initials 

6

impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.     It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)     The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby

Defendant's Initials _____

7

agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

Defendant's Initials

8

13.    Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

14.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 1594, whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural

Defendant's Initials

9

challenges (including direct appeal, habeas corpus, or any other means) to any

forfeiture carried out in accordance with this Plea Agreement on any grounds,

including that the forfeiture described herein constitutes an excessive fine, was not

properly noticed in the charging instrument, addressed by the Court at the time of

the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to

Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will

satisfy the notice requirement and will be final as to the defendant at the time it is

entered. In the event the forfeiture is omitted from the judgment, the defendant

agrees that the forfeiture order may be incorporated into the written judgment at any

time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate

all property subject to forfeiture and to transfer custody of such property to the

United States before the defendant's sentencing. To that end, the defendant agrees to

make a full and complete disclosure of all assets over which defendant exercises

control directly or indirectly, including all assets held by nominees, to execute any

documents requested by the United States to obtain from any other parties by lawful

means any records of assets owned by the defendant, and to consent to the release of

the defendant's tax returns for the previous five years. The defendant further agrees

to be interviewed by the government, prior to and after sentencing, regarding such

assets and their connection to criminal conduct. The defendant further agrees to be

polygraphed on the issue of assets, if it is deemed necessary by the United States.

Defendant's Initials           10

The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be

Defendant's Initials

11

binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

    35.    Abandonment of Property - Computer Equipment

        The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of Homeland Security Investigations or another appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs Homeland Security Investigations, or another appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

        As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of: an HP Pavilion laptop.

Defendant's Initials                     12

**B.     Standard Terms and Conditions**

1.     Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.     Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from

Defendant's Initials 

13

imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

    3.    Immigration Consequences of Pleading Guilty

    The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

    4.    Sentencing Information

    The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

    5.    Financial Disclosures

    Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in

Defendant's Initials _____                    14

which he has any interest or over which the defendant exercises control, directly or

indirectly, including those held by a spouse, dependent, nominee or other third party.

The defendant further agrees to execute any documents requested by the United

States needed to obtain from any third parties any records of assets owned by the

defendant, directly or through a nominee, and, by the execution of this Plea

Agreement, consents to the release of the defendant's tax returns for the previous five

years. The defendant similarly agrees and authorizes the United States Attorney's

Office to provide to, and obtain from, the United States Probation Office, the

financial affidavit, any of the defendant's federal, state, and local tax returns, bank

records and any other financial information concerning the defendant, for the

purpose of making any recommendations to the Court and for collecting any

assessments, fines, restitution, or forfeiture ordered by the Court. The defendant

expressly authorizes the United States Attorney's Office to obtain current credit

reports in order to evaluate the defendant's ability to satisfy any financial obligation

imposed by the Court.

6.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor

bound by this agreement. The Court may accept or reject the agreement, or defer a

decision until it has had an opportunity to consider the presentence report prepared

by the United States Probation Office. The defendant understands and

acknowledges that, although the parties are permitted to make recommendations and

present arguments to the Court, the sentence will be determined solely by the Court,

15

Defendant's Initials

with the assistance of the United States Probation Office. Defendant further

understands and acknowledges that any discussions between defendant or

defendant's attorney and the attorney or other agents for the government regarding

any recommendations by the government are not binding on the Court and that,

should any recommendations be rejected, defendant will not be permitted to

withdraw defendant's plea pursuant to this plea agreement. The government

expressly reserves the right to support and defend any decision that the Court may

make with regard to the defendant's sentence, whether or not such decision is

consistent with the government's recommendations contained herein.

     7.   <u>Defendant's Waiver of Right to Appeal the Sentence</u>

     The defendant agrees that this Court has jurisdiction and authority to

impose any sentence up to the statutory maximum and expressly waives the right to

appeal defendant's sentence on any ground, including the ground that the Court

erred in determining the applicable guidelines range pursuant to the United States

Sentencing Guidelines, except (a) the ground that the sentence exceeds the

defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the

United States Sentencing Guidelines; (b) the ground that the sentence exceeds the

statutory maximum penalty; or (c) the ground that the sentence violates the Eighth

Amendment to the Constitution; provided, however, that if the government exercises

its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then

the defendant is released from his waiver and may appeal the sentence as authorized

by 18 U.S.C. § 3742(a).

16

Defendant's Initials _____

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that

Defendant's Initials _____

17

defendant has the right to be tried by a jury with the assistance of counsel, the right

to confront and cross-examine the witnesses against defendant, the right against

compulsory self-incrimination, and the right to compulsory process for the

attendance of witnesses to testify in defendant's defense; but, by pleading guilty,

defendant waives or gives up those rights and there will be no trial. The defendant

further understands that if defendant pleads guilty, the Court may ask defendant

questions about the offense or offenses to which defendant pleaded, and if defendant

answers those questions under oath, on the record, and in the presence of counsel (if

any), defendant's answers may later be used against defendant in a prosecution for

perjury or false statement. The defendant also understands that defendant will be

adjudicated guilty of the offenses to which defendant has pleaded and, if any of such

offenses are felonies, may thereby be deprived of certain rights, such as the right to

vote, to hold public office, to serve on a jury, or to have possession of firearms.

   11.   Factual Basis

          Defendant is pleading guilty because defendant is in fact guilty. The

defendant certifies that the defendant does hereby admit that the facts set forth below

are true, and were this case to go to trial, the United States would be able to prove

those specific facts and others beyond a reasonable doubt.

## FACTS

     From an unknown date but as early as September 2018, through June 2019,

the defendant, Christopher John Streeter, directly participated in a scheme to

Defendant's Initials _____                    18

sexually exploit children in the Philippines for the purpose of producing child sex abuse images and videos for his consumption and sexual gratification.

Streeter used several facilities of interstate and foreign commerce, including the internet and the website Facebook, to communicate from his residence in the Middle District of Florida with several identified and unidentified minors and adults in the Philippines. Streeter, using at least two Facebook accounts—user names "Jack Reacher" and "John Chris"—knowingly communicated with the individuals for the purpose of recruiting, soliciting, enticing, transporting, providing, soliciting, and patronizing children under 18-years old to take pornographic photographs or have sex on video in exchange for payment.

On multiple occasions over that period, Streeter communicated and transacted with a recruiter (some of whom identified as minors themselves) for the purpose of recruiting children to engage in sex acts on camera. The children—some of whom were as young as 12 and 13-years old—were particularly vulnerable due to poverty and illness. Some of the child victims were immediate family members or classmates of the recruiters.

Streeter would then, using facilities of interstate and foreign commerce, send payment for their sexual performances. The money that Streeter remitted covered recording-production costs, such as hotel rooms, transportation, payment to the persons engaging in sex acts (including the minor), and a commission for the recruiter. In return, Streeter received videos and images of minors involved in various sex acts that tracked Streeter's directives, including minors engaged in digital

Defendant's Initials 

19

stimulation of their genitals, vaginal intercourse, anal intercourse, and insemination. Occasionally, Streeter also conversed directly with minors in the Philippines for the purpose of that minor producing pornography of herself.

Streeter negotiated and paid a premium for videos and images depicting female minors losing their virginity—negotiations that sometimes involved the parent of the minor selling their child's virginity. He also negotiated and paid a premium for media depicting female minors being inseminated and being placed at risk of pregnancy; a sexual fetish that he enjoyed watching. Streeter paid increased fees and bonuses for such videos and offered and sent additional payment for emergency contraception pills, and, occasionally, for abortions.

For example, Streeter communicated on several occasions in 2018 and 2019 with a Facebook user bearing the display name L.A. L.A. acted as a recruiter in the Philippines to source minors for sexual abuse. In January 2019, L.A. informed Streeter that L.A. had a "new girl" for him. Streeter, utilizing his Facebook account with the username "Jack Reacher," responded: "send pic." L.A. responded by sending Streeter a picture of Victim–1 and informing Streeter that Victim–1 was under the age of 18. Victim–1 was born in November 2006; making her 12-years old in January 2019. L.A. sent Streeter additional pictures of Victim–1 and stated that they would use Victim–1 to produce a video for Streeter in March.

In March 2019, L.A. offered to produce a video of Victim–1, referring to her throughout their conversations as "virgin girl." Streeter requested additional pictures of Victim–1. On April 5, 2019, still communicating over the internet and Facebook,

Defendant's Initials

Streeter asked L.A.: "So how much to get the video," referring to a sex-abuse video of Victim–1. L.A. responded: "2000…1000 hotel and 500 load like always 500 for the guy," listing prices in Philippine Pesos. A few minutes later, Streeter used an online money-transfer company named W.R., which operates in interstate commerce, to transfer 2041 Philippine Pesos to a person bearing the initials A.B.T— a previously designated recipient for L.A. Streeter then messaged the transaction receipt number to L.A. Streeter's name and residential address in the Middle District of Florida were listed in the transaction's sender information.

Several hours later, L.A. sent Streeter two videos through Facebook. The first video, over two minutes long, shows Victim–1 removing her clothes and a penis making contact with her genitals. The second video, 16 seconds long, shows sperm on Victim–1's genitals.

Streeter and L.A. continued to discuss Victim–1 in June 2019. On June 11, 2019, L.A. again offered Victim–1 to Streeter, sending a picture of her and referring to her as the "virgin girl." Streeter commented that they had already produced a "bad" video of Victim–1. L.A. quoted Streeter a price for a new video of Victim–1, adding that Victim–1 was ready and waiting. Two hours later, Streeter used W.R. to send 4,500 Philippine Pesos to recipient A.B.T. The IP address associated with the online transaction resolves to Streeter's former residence in Land O'Lakes Florida, which is in the Middle District of Florida. Streeter supplied L.A. with a receipt number through Facebook.

Defendant's Initials 

21

Several days later, Streeter and L.A. discussed producing yet another sex abuse video of Victim–1. They discussed two separate prices for sex abuse videos of Victim–1; 4,000 Philippine Pesos for a video with "no pills" (referring to emergency contraception) and 4,700 for a video with "pills." The higher price for a video with "pills" was intended to reflect a premium paid for Victim–1's insemination during the sex abuse video. Around midnight on June 26, 2019, L.A. sent a photograph of Victim–1 and messaged Streeter saying: "Hon sent [sic] now cause big white is here and virgin girl sent [sic] 4700 hon." "Big white" referred to the male being paid to sexually abuse Victim–1 in the video. Two minutes after L.A. requested 4,000 Philippine Pesos for a sex abuse video of Victim–1, Streeter sent 4,016 Philippine Pesos through W.R. to recipient A.B.T. Two days later, L.A. sent Streeter two additional videos over Facebook, requesting 3,800 Philippine Pesos. The next day, Streeter again used W.R. while in the Middle District of Florida to send 3,250 Philippine Pesos to recipient A.B.T. Streeter then messaged L.A. stating that the recording was the third "bad" video of the same girl and further commented: "How hard is it to just fuck that girl," referring to Victim–1. L.A. responded: "The guy think hon is afraid to get her preggy cause she is under age she 13 not 14," later repeating that Victim–1's age is 13-years old. Streeter voiced displeasure that video only showed semen outside of Victim–1's vagina, adding: "You get the pills for her and make her take them." Defending her actions, L.A.s stated she would not take commission from the video and claimed that she provided Victim–1 with money to buy the emergency contraception at a pharmacy. Streeter directed that next time

Defendant's Initials _____

L.A. buy the emergency contraception pills for Victim–1 and make her take them. Victim–1 was paid for her participation in the sex abuse videos that Streeter had ordered and received.

12.   <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___9___ day of __Sept__ 2020.


_____
Christopher John Streeter
Defendant

_____
Mark P. Rankin, Esquire
Attorney for Defendant

MARIA CHAPA LOPEZ
United States Attorney

_____
Francis D. Murray
Assistant United States Attorney

_____
Carlton C. Gammons
Assistant United States Attorney
Acting Chief, Special Victims Section