UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

        **Plaintiff,**

vs.                                                          CASE NO. 8:20-cr-304-T-33CPT

**CHRISTOPHER STREETER,**

        **Defendant.**

_____/

## DEFENDANT CHRISTOPHER JOHN STREETER'S RESPONSE TO THE UNITED STATES' SENTENCING MEMORANDUM

COMES NOW, the Defendant Christopher John Streeter by and through the undersigned counsel, and files this response to the United States' Sentencing Memorandum and states as follows:

### SUMMARY

The Government contends that this Court should essentially make an example of Mr. Streeter to send a "strong message" to other would-be offenders. Although Mr. Streeter concedes that deterrence is a proper consideration in the sentencing analysis, the Court should not base its sentencing determination on largely speculative allegations outside the relevant charging documents, plea, and PSR in determining a "reasonable" sentence. In that regard, the Sentencing Memorandum, the Government makes three separate categories of factual recitation alleging: (1) Streeter obstructed evidence in connection with the investigation that led to his plea; (2) 8,000 pages of relevant conduct *must* contain similar patterns of behavior to the 1,000 pages which were actually reviewed during the relevant period of Streeter's conduct; and (3) the length of illicit conduct given unspecified payments to the Philippines between 2009-2015. Furthermore, and in

1

addition, the Government's citation to apparently analogous cases misses the mark, given the nature of the conduct at issue therein. As painstakingly stated in Mr. Streeter's own sentencing memorandum he does not in any way dimmish the seriousness of his offenses. However, the cases relied upon by the Government are factually distinguishable to the point of inapplicability. What is more, the ultimate touchstone of this court's sentencing determination must be *reasonableness*, and given the offense conduct, Streeter's personal characteristics, his present circumstances, and the 3553(a) factors this court should vary from the stated guideline range as previously argued.

RESPONSE

I. THE PSR, FACTUAL PROFFER, AND NEWLY DISCLOSED FACTUAL INFORMATION STATED IN THE SENTENCING MEMORANDUM

First and foremost, Mr. Streeter asserts that this Court should not consider factual allegations that are not contained in the plea agreement and PSR in determining relevant offense conduct and to craft a reasonable sentence. Numerous pieces of the information alleged by the Government in its Sentencing Memorandum is precisely this type of prohibited category of material.

Federal Rule of Criminal Procedure 32 governs the creation and content of PSR and the court's obligations at sentencing. The Rule expressly indicates that the PSR should contain all relevant fact information and that the accused is entitled to object to factual allegations stated in the PSR. *Id.* Under those circumstances the Government must prove the allegations made in the PSR by a preponderance of the evidence at an evidentiary hearing. *Id. See also United States v. Abney*, 710 Fed. Appx. 375 (11th Cir. 2017) ("reiterating that the Defendant's objection to factual allegations in the PSR "triggered the Government's burden to prove the disputed facts by a preponderance of the evidence.").

These comprehensive schemes are set in place so that a defendant who has pled guilty to an offense (or has been convicted) is on adequate notice as to the factual basis for which he will

ultimately be held responsible and upon which his sentence will be based. *See generally United States v. Severino-Pacheco*, 911 F. 3d 14 (1st Cir. 2018) (discussing the Rule 32 requirements and the scheme established for determining factual support that bear a "sufficient indicium of reliability" to permit reliance). It is improper for the Government to interject its own new factual allegations, which significantly elaborate on the information, plea agreement, and PSR only days before the scheduled sentencing hearing. *See e.g., United States v. Correy*, 570 F. 3d 373 (1st Cir. 2009) (noting issue with the use of factual allegations contained only in the sentencing memorandum during sentencing); *United States v. Jernigan*, 198 Fed. Appx. 628 (9th Cir. 2006) (insinuating that reliance on facts outside the PSR was improper during sentencing); *United States v. Gonzalez-Rodriguez*, 859 F. 3d 134 (1st Cir. 2017) (discussing the well-settled notion that unobjected facts in the PSR may be relied upon by the Court in sentencing).

In the instant case, the Government's Sentencing Memorandum contains three categories of information which were either not specifically discussed or stated in the PSR or have been elaborated upon immensely. Furthermore, at least two of these categories requires gross speculation that is unfair and impermissible and should not influence this Court in its sentencing determination.

*The "Obstruction of Justice"*

First, the Government alleges in the Sentencing Memorandum that "Streeter *likely* spoiled evidence and obstructed justice." [DE41, p. 6]. The PSR specifically indicates that "the probation officer has no information indicating that the defendant impeded or obstructed justice", PSR ¶ 44, and contains no allegations regarding the destruction of a cell phone at the inception of the Government's formal investigation. What is more, the Government, in the plea agreement <u>recommended a three-level reduction</u> for acceptance of responsibility – a recommendation that

flies in the face of allegations that Streeter destroyed evidence. Mr. Streeter was essentially stunned by the allegation in the Sentencing Memorandum, filed only 2 days before his scheduled sentencing, after a plea agreement in which the Government agreed to recommend a three-level reduction based on acceptance of responsibility, and in which the PSR contained <u>no allegations</u> that would support the notion that Streeter obstructed justice. This court should disregard these allegations in its determination of a reasonable and just sentence and apply the three-level reduction which the Government previously agreed to recommend.

*<u>The 8,000 pages of social media chats</u>*

In addition, the Government states that it acquired 9,000 pages of records from social media accounts controlled by Mr. Streeter during the relevant time between October 2018 and August 2019. Doc. 41 at p. 11. The Government admits that it has reviewed "1,000 pages" but has not reviewed the remaining 8,000 pages. *Id.* The Government then indicates that a substantial amount of criminal activity was discovered in those limited pages and insinuates that a review of the remaining thousands of pages would reveal similar illegal conduct. Not only is this information outside of that contained in the plea agreement and the PSR, but it is also wildly speculative and improperly considered in sentencing. These comments should be stricken or disregarded and ultimately should not sway or influence the court in its determination of a reasonable sentence.

*<u>The alleged length of elicit conduct</u>*

Finally, and third the Government insinuates that the conduct at issue in this case has "likely" been "ongoing" since at least 2009. Doc. 41 at p. 11. The Government contends that they discovered payments from Streeter to the Philippines as early as 2009 which "occurred with the same pattern, amounts and frequency" as payments that Streeter admitted were sent to child recruiters. *Id.* In a footnote, the Government admits that of these payments at least *some* were

legitimate and completely legal transfers of funds to Streeter's current wife. *Id.* The footnote status of this clearly relevant fact exemplifies the nature of the government's entire response. In addition, once again, the notion that these payments indicate a continuing pattern of sexual abuse is speculative and not contained in the plea agreement or PSR. Mr. Streeter contends that the Court must not consider this speculative view of conduct that occurred during the above stated timeframe in its determination of a reasonable sentence.

II.     CASES CITED BY THE GOVERNMENT IN SUPPORT ARE NOT ANALOGOUS

In addition, Mr. Streeter notes that his recommended life sentence is in fact disparate and the cases cited by the Government to support its apparent reasonableness are distinguishable. A majority, if not all, of the cases that have been cited by the Government in the Sentencing Memorandum involve an individual *who actually had sexual intercourse* with minor children. *See e.g., United States v. Irey*, 612 F. 3d 1160 (11th Cir. 2010)[1] (sentencing an offender to life who had "raped, sodomized, and sexually tortured fifty or more little girls, some as young as four years of age, on many occasions over a four-or-five-year period [and] scripted, case, starred in, produced, and <u>distributed</u> worldwide some of the most graphic and disturbing child pornography that has ever turned up on the internet."); *United States v. Kapordelis*, 569 F. 3d 1291 (11th Cir. 2009) (sentencing an offender who repeatedly drugged or intoxicated minors and molested them and raped minors while abroad); *United States v. Mozie*, 752 F. 3d 1271 (11th Cir. 2014) (sentencing an offender who hosted sex parties at his home six days out of the week and sold food, alcohol, drugs, and underaged girls, who he recruited while posing as a modeling agency, in his "den of degradation"); *United States v. Flanders*, 752 F. 3d 1317 (11th Cir. 2014) (sentencing a defendant

---

[1] Notably, in *Irey* which involved egregious facts, the Defendant <u>scored</u> a mere thirty (30) years, which is obviously a substantially less harsh sentence than Streeter faces in the instant case.

5

who recruited women off modeling websites, convinced them to travel to Florida alone to "audition", then drugged them and videotaped himself having sex with them (while they were incapacitated) and recorded the acts for resale, which was lucrative business).

Mr. Streeter has repeatedly recognized the severity of his crime and his acceptance of responsibility for the acts stated in the plea agreement and the PSR and has not filed objections to those factual allegations. However, comparing Mr. Streeter's conduct to the incidents cited above is incorrect. The sentencing analysis is highly fact-specific and requires an analysis of not only the facts of the underlying offense but also the offender. Mr. Streeter has presented a sentencing memorandum which supports his request for variance and the circumstances of his offense are not of the degree to warrant a sentence of life imprisonment.

Even the Sentencing Commission has recognized that "life imprisonment sentences are rare in the federal criminal justice system." *See* LIFE SENTENCES IN THE FEDERAL SYSTEM, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-projects-and-surveys/miscellaneous/20150226_Life_Sentences.pdf (last visited Jan. 5, 2021). In fact, only .4 percent of all offenders sentenced in 2013 were given a life sentence or its equivalent. *Id*. Examples of sentences for which inmates received life include racketeering, firearm crimes, the killing of federal officials or government employees, and repeat offenses involving drug trafficking and/or weapons. *Id*. Furthermore, the commission has specifically provided for a life sentence only in four of more than one hundred, fifty guidelines contained in the manual. *Id*. Those guidelines involve murder, treason and certain drug and weapon offenses committed by career offenders. *Id*. Mr. Streeter has committed serious offenses, and he has pled guilty and accepted responsibility for the terribly poor choices he made in connection with those crimes; however, life imprisonment is not a reasonable sentence and it will not serve the purposes of the commission.

### III. THE GOVERNMENT'S ARGUMENTS REGARDING THE "RISK" TO THE COMMUNITY AND THE NEED TO MAKE AN EXAMPLE OF STREETER

Finally, Mr. Streeter refutes the allegation that is a "danger to children everywhere" and likewise urges this court to refrain from a sentence that would punish would-be offenders rather than Mr. Streeter individually, as § 3553(a) contemplates. As noted in his own Sentencing Memorandum, Mr. Streeter was evaluated by Dr. Michael P. Gamache, Ph.D, who indicated that he is a *low-risk* offender with respect to recidivism. In his report, Dr. Gamache states that "structured clinical assessment of risk is congruent with actuarial assessment [and] [b]oth support the conclusion, based on existing evidence, that [Streeter] falls in the below average to low-risk range with a much greater probability of compliance with sanctions and avoidance of sexual recidivism than high risk offenders." *See* Gamache Report at p. 22.

Furthermore, although deterrence is admittedly a proper consideration in the Court's analysis of a fair and reasonable sentence, the court should refrain from sentencing Mr. Streeter to "send a message" to other hypothetical offenders. The "proper message" in this case is one that is "severe but also humane." *See United States v. Valderrama*, No. 03-0554, 2007 U.S. Dist. LEXIS 48642 (D.C. Cir. Jul. 5, 2007) (varying from a guideline range of life imprisonment for a drug offender and addressing the "message" that may be sent by varying downward from such a range).

### CONCLUSION

Mr. Streeter is, and will be, haunted by the poor decisions he has made and the offenses that he has committed and pled to in connection to the instant case. He understands that his offenses will be punished, and that punishment is both just and deserved. However, it is simply unfair for the Government to inject speculatory allegations that have not been levied in the information, the plea agreement, or the PSR to influence the court with respect to a reasonable sentence. Furthermore, a life sentence under the circumstances is not just or reasonable and the goals of the

7

sentencing commission will not be served by imposition of such a sanction. Mr. Streeter prays this Honorable Court will rely on the undisputed factual allegations in the PSR and consider each of the § 3553(a) factors in varying from the guideline range of life imprisonment.

Respectfully submitted,

*/s/ Mark P. Rankin*
Mark P. Rankin
Florida Bar No. 0177970
The Law Office of Mark P. Rankin, P.A.
805 W. Azeele St.
Tampa, FL 33606
Telephone No. (727) 365-1751
Email: mark@rankinlawoffice.com
Attorney for Christopher Streeter

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of January 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the AUSA of record and counsel for any co-defendants.