UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                      CASE NO. 8:20-cr-304-T-33CPT

CHRISTOPHER JOHN STREETER
a/k/a "JACK REACHER"
a/k/a "JOHN CHRIS"

## UNITED STATES' RESPONSE IN OPPOSITION TO STREETER'S MOTION FOR A DOWNWARD DEPARTURE UNDER §5K2.0

The United States of America opposes Christopher John Streeter's motion for a downward departure under USSG §5K.20 to account for his acceptance of responsibility, Doc. 39. This Court should deny his motion. Mindful of the Court's time and resources, as well as the parties' recent filings, the United States submits this brief response in opposition.

Streeter's motion invites this Court to commit procedural error by departing downward under §5K2.0 for no purpose other than to account for Streeter's acceptance of responsibility, for which he has already been credited under §3E1.1. Presentence Report (PSR), ¶ 75–76. Such a departure is expressly prohibited by the same guideline under which Streeter moves:

> (d) PROHIBITED DEPARTURES – Notwithstanding subsections (a) and (b) of this policy statement, or any other provision in the guidelines, the court may not depart from the applicable guideline range based on any of the following circumstances:
> …
> (2) The defendant's acceptance of responsibility for the offense, which may be taken into account only under §3E1.1 (Acceptance of

1

> Responsibility).
>
> …
>
> (4) The defendant's decision, in and of itself, to plead guilty to the offense or to enter into a plea agreement….

USSG §5K2.0(d) ("PROHIBITED DEPARTURES").

Streeter's motion does not contain any reference to this prohibition. *See* Doc. 39. Instead, Streeter jumps directly to an analysis of *United States v. Rodriguez*: a decision from 1995 that arose under the 1992 version of section 5K2.0. *See* 64 F.3d 638, 643 n.1 (11th Cir. 1995). The section 5K2.0 guideline in effect in the early-to-mid 1990s was very different and did not contain the "prohibited departures" provision quoted above. *See* USSG §5K2.0 (1995) (available at https://www.ussc.gov/guidelines/archive/1992-federal-sentencing-guidelines-manual) (last accessed Jan. 6, 2021).

*Rodriguez* does not bear on this case. *Rodriguez* involved a defendant guidelining above their statutory-maximum penalty, and therefore not realizing the 3-level benefit for acceptance of responsibility. Streeter's offense calls for a maximum penalty of life. Moreover, nothing in *Rodriguez* mandates that this Court ignore the guidelines and depart downward simply because Streeter's total offense level is so high that he realizes no meaningful guideline reduction for his acceptance of responsibility. *See Rodriguez*, 64 F.3d at 643 ("We do not intimate that a departure should be granted in this case.") *Rodriguez* merely held that the district court did not abuse its discretion by departing downward under a much-older version of section 5K2.0. *Id*.

Crucially, *Rodriquez*'s holding is entirely predicated on an absence of guidance on this issue—guidance that the U.S. Sentencing Commission has long-since written directly into section 5K2.0. *See* USSG §5K2.0(d)(2). *Rodriguez* framed the issue as whether the United States Sentencing Commission had contemplated a scenario where a defendant's offense level is such that the defendant receives on benefit after reductions under §3E1.1; adding that the Court found no evidence in the guidelines, policy statements, or commentary that the Commission had considered or recognized that scenario. *Rodriguez*, 64 F.3d at 643. But this Court need look no further than section 5K2.0(d) to know that the Sentencing Commission has since considered this issue and expressly prohibited the relief that Streeter requests. What Streeter refers to as a "quirk" in the guidelines is an intentional part of their order and structure. *See* Doc. 39. And, the remedy he proposes is expressly prohibited. USSG 5K2.0(d)(2) and (d)(4).

What is more, Streeter's assertion that he receives no benefit from his plea agreement and acceptance of responsibility is wholly meritless. Streeter's plea agreement allows him to reap the benefits of a substantial assistance motion under 5K1.1 and Rule 35, should his cooperation amount to substantial assistance. *See* Doc. 6. His agreement also immunizes him in the Middle District of Florida from other, more serious penalties that would clearly apply to his conduct; such as a charge for the selling or buying of children for the purpose of creating child pornography, in violation of 18 U.S.C. § 2251A(b)—which applies extraterritorially and carries a 30-year mandatory penalty. *See United States v. Frank*, 599 F.3d 1221,

3

1234 (11th Cir. 2010). Streeter's plea agreement also guarantees that the United States will recommend a guideline-range sentence, now and in the future.

If those benefits ultimately fail to materialize in a guideline range below level-43, Streeter has only himself to blame. His raw offense level is 55 based on the horrific and repetitious nature of Streeter's offense conduct and relevant conduct. *See* PSR ¶¶ 47–69. Long before Streeter entered his guilty plea, he and his counsel were well-aware that Streeter's conduct involved an ongoing, far-ranging pattern of sexual exploitation that would likely result in his guidelining to life imprisonment. Although Streeter waived his right to Rule 16 discovery, the United States nonetheless provided a robust discovery production in August 2020—two months before Streeter's plea. We have provided several additional productions. The August 2020 production included a 176-page report (HSI Report #18), containing chat excerpts relating to unidentified, relevant-conduct victims. Streeter's plea-agreement factual basis also refers to his scheme and ongoing pattern of conduct involving multiple minors in the Philippines. Doc. 6 at 19–22.

Finally, we oppose Streeter's departure because a departure would be wildly inappropriate in view of the extreme and depraved conduct at issue in this case. We present a detailed account of that conduct in our recently-filed sentencing memorandum, Doc. 41. The Probation Office has also dedicated an entire section of its Final PSR to Streeter's relevant conduct, titled "Unidentified Victims." PSR ¶ 27–31. Despite Streeter's recent and baseless objections to this Court considering his relevant conduct (Doc. 42), this Court can and must consider that information in

rendering his sentence and in adjudicating his motion for a departure. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *see also United States v. Giltner*, 889 F.2d 1004, 1007 (11th Cir. 1989) (discussing the well-established notion that sentencing courts may consider broad range of information presented at sentencing so long as it is supported by a minimal indicia of reliability).

For all the reasons stated, this Court should deny Streeter's motion for a downward variance under section 5K2.0 (Doc. 39), as the motion itself is prohibited by section 5K2.0.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:   */s/ Francis D. Murray*
Francis D. Murray
Assistant United States Attorney
Florida Bar No. 0108567
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Francis.Murray2@usa.doj.gov

U.S. v. CHRISTOPHER STREETER        Case No. 8:20-cr-304-T-33CPT

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Mark P. Rankin, Esq.

/s/ *Francis D. Murray*
Francis D. Murray
Assistant United States Attorney
Florida Bar No. 0108567
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Francis.Murray2@usa.doj.gov