```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

CHRISTOPHER JOHN STREETER,

v.                                Case No. 8:20-cr-304-VMC-CPT
                                           8:21-cv-2977-VMC-CPT

UNITED STATES OF AMERICA.

_____/

**ORDER**

This cause is before the Court on Christopher John Streeter's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Civ. Doc. # 1; Crim. Doc. # 73). The government filed a response. (Civ. Doc. # 5). Streeter did not file a reply. The Motion is granted to the extent set forth below.

**I.  Background**

In October 2020, Streeter pled guilty, pursuant to a written plea agreement, to the sex trafficking of children. (Crim. Doc. ## 6, 7). On January 7, 2021, this Court held a sentencing hearing, and it held a separate hearing on restitution on April 1, 2021. (Crim. Doc. ## 48, 63). On April 1, 2021, the Court entered an amended judgment reflecting Streeter's sentence: a term of life imprisonment, a lifetime term of supervised release, a special assessment of $5,000,

1

and restitution in the amount of $70,000. (Crim. Doc. # 64). On April 8, 2021, at the parties' request, the Court entered a second amended judgment that amended only the restitution repayment terms. (Crim. Doc. # 69). Streeter did not file a direct appeal.

In December 2021, Streeter filed the instant Section 2255 Motion, arguing that his counsel was ineffective for failing to pursue a direct appeal, despite Streeter's request that he do so. (Civ. Doc. # 1 at 4). Streeter writes that he spoke to his trial counsel, Mark Rankin, at his sentencing and he told Rankin that "he wanted to file a direct appeal because [Streeter] felt that he had been denied his constitutional rights [and] was denied all of his discovery in his case." (Id.). Rankin allegedly refused to file an appeal on Streeter's behalf. (Id.). While Streeter raises other claims of ineffective assistance of counsel that pertain to counsel's actions during the representation, the Court need not address those for the reasons explained in this Order.

In its response to Streeter's Motion, the United States requests that this Court vacate its original judgment and impose an identical sentence to allow Streeter to file an out-of-time appeal. (Doc. # 5 at 1).

**II. Discussion**

As the government concedes, counsel's failure to file a requested notice of appeal is *per se* ineffective assistance of counsel. Roe v. Flores-Ortega, 528 U.S. 470, 483-86 (2000); Gaston v. United States, 237 F. App'x 495, 495 (11th Cir. 2007). Here, Streeter claims that he asked his counsel to file an appeal, while Rankin states that Streeter did not ask him to file a notice of appeal. (Civ. Doc. # 1 at 4; Civ. Doc. # 5-1 at 6). Under these circumstances, the government concedes that an evidentiary hearing would be necessary for the Court to make a credibility determination on this disputed point. (Civ. Doc. # 5 at 3); see Gomez-Diaz v. United States, 433 F.3d 788, 791-93 (11th Cir. 2005) (remanding for an evidentiary hearing to determine whether client had requested his attorney file a notice of appeal or if counsel fulfilled his constitutional duty to consult with the client about his desire to appeal); see also Williams v. United States, 660 F. App'x 847, 850 (11th Cir. 2016) (explaining that contested factual issues in Section 2255 cases may not be resolved only on affidavits when the Court is faced with contradicting sworn statements). If Streeter were to establish that Rankin acted contrary to his wishes, he would be entitled to an out-of-

time appeal as his remedy.[1] Gomez-Diaz, 433 F.3d at 793.

"In light of the foregoing, the Court concludes that the interest of judicial economy would best be served by granting the [Motion], but only to the extent that [Streeter] will be afforded an out-of-time appeal pursued by appointed counsel." Cooper-Miller v. United States, No. 8:11-cr-553-VMC-AEP, 2014 WL 11412834, at *1 (M.D. Fla. May 5, 2014). "In doing so, the Court will utilize the procedure mandated by the Eleventh Circuit in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000)." Id. As the Phillips court explained:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a [Section] 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

---

[1] While Streeter's plea agreement contains a partial appeal waiver (Crim. Doc. # 6 at 16), the Eleventh Circuit has held that a petitioner subject to a partial appeal waiver who nonetheless demonstrates that his counsel failed to file a requested notice of appeal is entitled to an out-of-time appeal "regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver." Gomez-Diaz, 433 F.3d at 793.

Phillips, 225 F.3d at 1201. Indeed, the Eleventh Circuit "approves the granting of a motion to vacate without an evidentiary hearing if the district court follows Phillips." United States v. Bankston, No. 8:16-cr-232-SDM-CPT, 2018 WL 5279134, at *2 (M.D. Fla. Oct. 24, 2018). "A defendant does not have a right to a new sentence hearing or a right to be present when resentenced under the Phillips procedure." United States v. Robinson, 648 F. App'x 823, 824 (11th Cir. 2016).

In no way should the Court's granting of Streeter's Motion be interpreted as a determination or suggestion that his former counsel was in any manner ineffective in his representation of Streeter in the criminal proceedings. See Bankston, 2018 WL 5279134, at *2 ("Allowing a belated appeal yields to the need for judicial economy . . . and neither includes nor suggests a determination that trial counsel was ineffective."). Rather, the Court is granting Streeter's requested relief "only in the interest of judicial economy" to avoid an evidentiary hearing. Cooper-Miller, 2014 WL 11412834, at *1; see also United States v. Howard, No. 8:15-cr-211-MSS-TGW, 2017 WL 7371186, at *2 (M.D. Fla. June 22, 2017) (emphasizing "that this determination to grant a belated appeal in the underlying criminal case is only made

5

in the interest of judicial economy").

Finally, the Court dismisses without prejudice Streeter's other collateral claims raised in the instant Section 2255 Motion. See McIver v. United States, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) (instructing district courts that grant a belated appeal in a Section 2255 proceeding to dismiss any other collateral claims raised in the same motion without prejudice for purposes of judicial efficiency); United States v. Frank, 353 F. App'x 305, 307 (11th Cir. 2009) ("While prisoners may include collateral challenges in their [Section] 2255 motion requesting an out-of-time appeal, the 'best approach' is for the district court to dismiss the collateral claims without prejudice if it grants an out-of-time appeal because 'collateral claims should not be entertained while a direct appeal is pending,' and '[o]nce the court has determined that the petitioner is entitled to a direct appeal, such an appeal is pending for all relevant policy purposes.'" (citing McIver, 307 F.3d at 1332, n.2)).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Christopher John Streeter's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 73) is **GRANTED,** but only to the

extent that he may file a belated appeal in the related criminal case.

(2) The Court will enter an order in the related criminal case vacating the original judgment and imposing the identical sentence in a new judgment.

(3) The Clerk is directed to enter judgment for Streeter and to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of May, 2022.

                                              VIRGINIA M. HERNANDEZ COVINGTON
                                              UNITED STATES DISTRICT JUDGE